IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MOHAMMED AL ABED,

      Plaintiff,

      v.

LEONARD ODDO, MICHAEL T. ROSE,
MARKWAYNE MULLIN, TODD
BLANCHE,

      Defendants,

3:26-CV-00899-CCW

## ORDER

Before the Court is a counseled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner, a native of Palestine, is currently detained at FCI Lewisburg.[1]  ECF Nos. 1 ¶ 7, 10 at 10.  Petitioner entered the United States in 1988 as a lawful permanent citizen on a conditional basis.  ECF Nos. 1 ¶ 20, 10 at 1.  Petitioner has been convicted of several criminal offenses since moving to the United States, including:  a 1992 conviction for criminal possession of forgery devices;  a 1994 conviction for the same;  a 1994 conviction for violations of the Anti-Piracy Act;  and a 2018 conviction for enterprise corruption.  ECF No. 9-1 at 1–2.  Petitioner has also been arrested for several offenses that did not result in criminal convictions.  ECF No. 9 at 1.

Based on Petitioner's criminal convictions, the Department of Homeland Security ("DHS") initiated removal proceedings against Petitioner on February 21, 2019.  ECF No. 9-1 at 1.[2]  Petitioner subsequently filed applications for asylum and withholding of removal.  *Id.* at 2–3.

---

[1] Petitioner was detained at Moshannon Valley Processing Center in Phillipsburg, Pennsylvania when he filed the Petition.  ECF No. 1 ¶ 1.  Petitioner was moved to FCI Lewisburg on or about May 14, 2026.  ECF No. 10 at 10.  Because "jurisdiction [] attaches at the time of filing[,]" Petitioner's transfer does not "impair this Court's jurisdiction."  *J.M. v. Oddo*, No. 3:24-CV-255, 2025 WL 3706433, *1 (W.D. Pa. Dec. 22, 2025) (Pesto, M.J.)
[2] Petitioner avers that he was previously placed in removal proceedings in 2007 and in 2012.  ECF No. 1 ¶ 22.

Petitioner was most recently detained by United States Immigration and Customs Enforcement ("ICE") on March 22, 2025.  ECF No. 1 ¶ 3.  On March 16, 2026, an Immigration Judge ("IJ") denied Petitioner's applications for relief and ordered that Petitioner be removed to Palestine.  *Id.* ¶ 27.  Petitioner timely appealed the IJ's decision to BIA, and his appeal remains pending.  *Id.* Petitioner is detained pursuant to 8 U.S.C. § 1226(c), which imposes mandatory detention on noncitizens convicted of certain criminal offenses.  *Id.* ¶ 25.

Petitioner appears to concede that his criminal convictions subject him to mandatory detention under § 1226(c).  *See generally* ECF Nos. 1, 10.  But Petitioner argues that his continued detention without a bond hearing violates his due process rights under the four-factor test set forth by the United States Court of Appeals for the Third Circuit in *German Santos v. Warden, Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020).  Petitioner seeks immediate release from custody or, in the alternative, an individualized bond hearing at which Respondents bear the burden of demonstrating, by clear and convincing evidence, that Petitioner's continued detention is justified.  ECF No. 1 at 28.

Section 1226(c) does not expressly limit the length of the detention while removal proceedings are ongoing.  *See generally* 8 U.S.C. § 1226(c).  And while the Supreme Court has held that mandatory detention under § 1226(c) is not facially unconstitutional, *see Denmore v. Kim*, 538 U.S. 510, 531 (2003), noncitizens detained under § 1226(c) may bring as-applied challenges to the constitutionality of their detentions.  *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433 (3d Cir. 2026) ("[I]mmigrants detained under § 1226(c) may bring as-applied challenges to the constitutionality of their detentions.  The longer they are detained without bond hearings, the more likely their detention abridges the liberty secured by the Due Process Clause.").  Courts in this Circuit apply a non-exhaustive list of four factors, known as the

*German Santos* factors, to assess whether a noncitizen's detention has become unreasonable:  1) the duration of detention;  2) whether the detention is likely to continue;  3) the reasons for the delay;  and 4) whether the conditions of confinement are meaningfully different from criminal confinement.  965 F.3d at 211 (3d Cir. 2020).  If the Court finds the noncitizen's detention has become unreasonable under the *German Santos* factors, due process entitles the noncitizen to a bond hearing where the government bears the burden of demonstrating, by clear and convincing evidence, that continued detention is justified.  *Id*. at 213.

Here, the first and most important factor—the length of detention—favors Petitioner. Petitioner has been detained for over fourteen months, and courts in this Circuit have regularly found similar lengths of detention without a bond hearing to be unreasonable.  *See L.S. v. Oddo et al*, No. 3:26-CV-185, ECF No. 13 (W.D. Pa. March. 30, 2026) (Wiegand, J.) (detention for "over ten months" without bond hearing violates due process);  *A.L. v. Oddo*, 761 F. Supp. 3d 822, 824–826 (W.D. Pa. 2025) (Haines, J.) (detention for "nearly 10 months" without bond hearing violates due process);  *Mashchenko v. Rokosky*, No. 25-12387, 2026 WL 185204, at *3–4 (D.N.J. Jan. 25, 2026) (detention for "approximately nine months" without bond hearing violates due process). The second factor—whether detention is likely to continue—also favors Petitioner.  Petitioner's appeal of the IJ's March 16, 2026 decision denying his application for asylum is currently pending before the BIA.  ECF No. 1 ¶ 27.  The BIA has not yet issued a briefing schedule for the appeal. *Id.*  And because the BIA "could take months" to resolve Petitioner's appeal, "the likelihood that his detention will continue strongly supports a finding of unreasonableness." *German Santos*, 965 F. 3d at 212;  *see also A.L.*, 761 F. Supp. at 826 (second *German Santos* factor favors petitioner where the petitioner's appeal is pending before the BIA).

The third factor—the reasons for the delay—does not favor either party. It is well-established that "we do not hold an alien's good-faith challenge to his removal against him, even if his appeals or applications for relief have drawn out the proceedings." *German Santos*, 965 F.3d at 211. Conversely, Petitioner does not allege that Respondents have engaged in any bad faith delays or gamesmanship in his removal proceedings. *See generally* ECF Nos. 1, 10. Accordingly, the third factor is neutral.

Finally, the fourth factor—whether the conditions of confinement are meaningfully different from criminal punishment—favors Petitioner. Petitioner is currently detained at FCI Lewisburg, which is a federal prison. ECF No. 10 at 10.[3] Thus, because Petitioner is "detained in prison alongside convicted criminals . . . his detention is indistinguishable from criminal punishment." *German Santos*, 965 F.3d at 212–13. Furthermore, Petitioner makes several specific allegations about the conditions of his confinement at FCI Lewisburg. Petitioner alleges that he is confined in a 10-foot by 8-foot cell that is covered in ash due to prior inmates' use of the cell for unauthorized cooking. ECF No. 10 at 10. Petitioner further alleges he has not received adequate medical treatment at FCI Lewisburg, causing insomnia, migraines, mobility issues, and declining mental health. *Id*. Accordingly, the fourth factor favors Petitioner.

In sum, three of the *German Santos* factors—the duration of detention, the likelihood that detention will continue, and the conditions of confinement—favor Petitioner. One factor—the reasons for the delay—favors neither party. Thus, the Court concludes that Petitioner's continued detention under § 1226(c) without a bond hearing is unreasonable. Accordingly, IT IS HEREBY

---

[3] When Petitioner filed his Petition, he was detained at Moshannon Valley Processing Center ("MVPC") in Philipsburg, Pennsylvania. Petitioner was moved from MVPC to FCI Lewisburg on or about May 14, 2026. ECF No. 10 at 10.

ORDERED that Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is GRANTED IN PART, as follows:

1. Within seven days of this Order, Petitioner must receive an individualized bond hearing conducted by an immigration judge, where the government shall bear the burden to justify Petitioner's detention by clear and convincing evidence.

2. IT IS FURTHER ORDERED that if Petitioner does not receive a bond hearing by that date, Respondents shall immediately release Petitioner from custody.

3. IT IS FURTHER ORDERED that within seven days of the immigration judge's decision, the parties must file a joint notice on the docket advising the Court of the outcome of the bond hearing.

4. IT IS FURTHER ORDERED that any motion for costs and fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) shall be filed within ten days of this Order.

5. IT IS FURTHER ORDERED that the Petition is DENIED in all other respects.

DATED this 4th day of June, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

5

All Counsel of Record